IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED LOLLIS and ROSEMARY LOLLIS, | ) ) ) |
| Plaintiffs, | ) Case No. 15-CV-586-JED-FHM ) ) |
| v. | ) ) |
| ALL SUPERIOR COURTS OF OKLAHOMA; COUNTY OF TULSA; TULSA COUNTY DHS-CPS; OBJECT: NOTICE OF RESCISSION OF STOLEN PROPERTY; DORIS FRANSEIN; RODNEY SPARKMAN; WILMA PALMER; KIVA MCFADDEN; and SHARON WELLS, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiffs' Complaint (Doc. 1) and Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Doc. 2). The Plaintiffs, once again,[1] appear to be attempting to assert constitutional violations based upon a taking or "recission" of their property, which appears to include the Plaintiffs' four children. The Complaint, which Plaintiffs refer to

---

[1] Including the instant case Plaintiffs have filed a total of 28 cases from May 2015 to October 2015. *See Lollis v. Kunzweiler, et al.*, No. 15-CV-245-CVE-PJC; *Lollis v. State of Okla., et al.*, No. 15-CV-246-GKF-TLW; *Lollis v. CPS/DHS et al.*, No. 15-CV-247-JED-FHM; *Lollis v. Dezhnyuk*, No. 15-CV-248-JHP-PJC; *Lollis v. City of Bixby*, No. 15-CV-249-JED-FHM; *Lollis v. Wells*, No. 15-CV-251-JED-PJC; *Lollis v. Porter*, No. 15-CV-253-TCK-FHM; *Lollis v. Johnson*, No. 15-CV-254-JHP-FHM; *Lollis v. Tulsa Police Department*, No. 15-CV-279-CVE-TLW; *Lollis v. Judge Doris Fransein, et al.*, No. 15-CV-280-TCK-PJC; *Lollis v. Torres, et al.*, No. 15-CV-290-JED-PJC; *Lollis v. Motel 6*, No. 15-CV-291-GKF-PJC; *Lollis v. Tulsa County DA et al.*, No. 15-CV-303-GKF-FHM; *Lollis v. Lake, et al.*, No. 15-CV-351-JHP-PJC; *Lollis v. Dep't of Human Services*, No. 15-CV-584-JHP-FHM; *Lollis v. Felty, et al.*, No. 15-CV-585-CVE-FHM; *Lollis v. Dep't of Human Services, et al.*, No. 15-CV-587-GKF-FHM; *Lollis v. Felty, et al.,* No. 15-CV-588-CVE-TLW; *Lollis v. Fransein, et al.,* No. 15-CV-589-JHP-FHM; *Lollis v. Dep't of Human Resources, et al.*, No. 15-CV-590-TCK-TLW; *Lollis v. Sparkman, et al.*, No. 15-CV-591-GKF-PJC; *Lollis v. Dep't of Human Resources, et al.*, No. 15-CV-592-GKF-FHM; *Lollis v. Dep't of Human Resources, et al.*, No. 15-CV-593-TCK-FHM; *Lollis v. Sparkman, et al.*, No. 15-CV-594-GKF-PJC; *Lollis v. Fritz*, No. 15-CV-595-CVE-FHM; and *Lollis v. O'Brian, et al.*, No. 15-CV-596-GKF-TLW.

as their "Notice," is woefully deficient of factual allegations. In its entirety, Plaintiffs charge the Defendants with

> . . . . FRAUDULENTLY protecting and securely holding property in your possession since March 25 and April 28.
>
> We thank you, and now we the rightful owners, a man and a woman, Fred C and Rosemary A Lollis is here before the court and we, DEMAND the RESTORATION of our property IMMEDIATELY.
>
> ***
>
> OBJECT: NOTICE OF RESCISSON (STEFFANIE, RENEE, EAMILY AND LEVI LOLLIS)
>
> Dear Juridical Officer Judge Doris Fransein, and Jermanie Johnson, and Joyce Porter, and Sharron Wells
>
> This is to notify you that we hereby under Oklahoma Civil Code Title 15:1153, 1554, 1555(1)(2)(3), 1556(2)(3), 1558,(1)(2) 1559(1)(2), 1561(1)(2)(3), 1563(1)(2), and 1564(2) you have been protecting and securely holding our property in your possession since March 25, 2015 (Steffanie and Renee) and April 28, 2015 (Emily and Levi). We thank you, and now we the rightful owners, a man and a woman, Fred C and Rosemary A is here before the court and we, require the restoration of my property of Steffanie, Renee, Emily and Levi immediately.
>
> Thank you in advance for your collaboration.
>
> Sincerely,
>
> Fred C and Rosemary A Lollis
>
> Owners of Property
>
> (918)-859-5007
>
> (918)-884-8551

(Doc. 1 at 1-2).

Plaintiffs seek to commence the action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit ... without prepayment of fees ... by a person

who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees."[2]  In enacting § 1915(a), Congress intended to provide indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.*  To prevent frivolous filings, the statute authorizes a court to sua sponte dismiss a case filed *in forma pauperis* where the action is frivolous or malicious, the plaintiffs have failed to state a claim upon which relief can be granted, the defendant is entitled to immunity, or the plaintiff has included false allegations of poverty. *See* 28 U.S.C. § 1915(e)(2); *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000).

While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts

---

[2]  Despite the statute's reference to "prisoner," it applies to all persons who apply for *in forma pauperis* status.  *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013).

demonstrating the presence of federal subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,*546 U.S. 500, 501 (2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even if the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation'").

Plaintiffs' "Notice" does not appear to allege any basis for federal subject matter jurisdiction and, regardless of Plaintiffs' pro se status, the Court cannot permit Plaintiffs to proceed with the case if the Court lacks jurisdiction over their claims. Plaintiffs have not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a).

The Court has also considered whether Plaintiffs might be asserting a claim for violation of their federal constitutional rights which could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's complaint. *See Garley v. Sandia Corp.,* 236 F.3d 1200, 1207 (10th Cir. 2001). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Collins v. Cnty. of Johnson, Kan.,* 2001 WL 950259, at *1 (D. Kan. July 12, 2011) (quoting *Martinez v. U.S. Olympic Comm'n,* 802 F.2d 1275, 1280 (10th Cir. 1986)).

4

As noted, a district court should not assume the role of the advocate. Here, Plaintiffs cite a series of statutes under Okla. Stat. tit. 15 (Contracts) in support of their indiscernible claims. Specifically, Plaintiffs cite Okla. Stat. tit. 15 §§ 1153, 1554, 1555(1)(2)(3), 1556(2)(3), 1558(1)(2), 1559(1)(2), 1556(1)(2)(3), 1563(1)(3), and 1564(2). (Doc. 1 at 2). Unfortunately for the Plaintiffs there are no such enumerated statutes under Title 15. The Plaintiffs have failed to identify facts or statutory or constitutional provisions under which any claim may reveal itself. Accordingly, Plaintiffs have not alleged a colorable federal claim against Defendants, and the Court lacks jurisdiction over this case. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513 n.10 (2006) (federal courts cannot exercise federal question jurisdiction over a case without the existence of a colorable claim arising under federal law).

**IT IS THEREFORE ORDERED** that Plaintiffs' claims are dismissed for lack of subject matter jurisdiction. Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Doc. 2) is denied as moot.

**ORDERED** this 24th day of November, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE